UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MICHAEL HESS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| JEFFERSON COUNTY, MISSOURI, | ) | |
| DAVE MARSHAK, HARVEY SMITH, | ) | |
| TERRIE BROWN, TERESA WOMACK, | ) | |
| ANTONY DENNIS, BRENDA SHORT, | ) | |
| JOHN DOLAN, GEORGE COLE, | ) | |
| TIMOTHY DAVIS, TRISHA STEFANSKI, | ) | |
| STEVE JERREL, DEPUTY TORRES #861, | ) | |
| DOES 1-10, DOES 11-20, | ) | |
| and DOES 21-30, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff, by his attorney, and for his cause of action against

defendants, states:

### Parties

1. Plaintiff is an individual and citizen of the state of Missouri.

2. Defendant JEFFERSON COUNTY, MISSOURI is a public body that operates

the Jefferson County Sheriff's Department and Jefferson County Jail.

3. Defendant DAVE MARSHAK was at all relevant times the Sheriff of Jefferson

County.

4. Defendant HARVEY SMITH was at all relevant times an employee of the

Jefferson County Sheriff's Department and was involved in the unconstitutional

deprivation of Plaintiff's liberty.

5. Defendant TERRIE BROWN was at all relevant times an employee of the Jefferson County Sheriff's Department and was involved in the unconstitutional deprivation of Plaintiff's liberty.

6. Defendant TERESA WOMACK was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

7. Defendant ANTONY DENNIS was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

8. Defendant BRENDA SHORT was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

9. Defendant JOHN DOLAN was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

10. Defendant GEORGE COLE was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

11. Defendant TIMOTHY DAVIS was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

12. Defendant TRISHA STEFANSKI was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

13. Defendant STEVE JERREL was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

14. DEPUTY TORRES badge #861, first name unknown, was at all relevant times an employee of the Jefferson County Sheriff's Department and may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

15. Defendants Does 1-10, are, upon information and belief, other persons, full names and/or identities unknown, but who include Deputy #159 a supervisor, who may have been involved in the unconstitutional deprivation of Plaintiff's liberty.

16. Defendants Does 11-20, are, upon information and belief, the Jefferson County Jail Administrator and/or other the persons, names and/or identities unknown, but who include Deputy #159 a supervisor, responsible for supervising and/or failing to supervise defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTHONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and Does 1-10.

17. Defendants Does 21-30, are, upon information and belief, the persons responsible for training and/or failing to train HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTHONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES

#861, and Does 1-10 in the application of Missouri law on the detention of arrestees, including specifically RSMo. §548.141.

18. At all relevant times Defendants, and each of them, acted under color of law, in the performance of official duties, by virtue of their authority as employees or agents of Jefferson County, Missouri, and are sued in their individual official capacities.

19. At all relevant times, Defendants conduct was not objectively reasonable in that Defendants knew or should have known that each were violating and did violate Plaintiff's clearly established constitutional rights, as more fully set forth below.

**Jurisdiction, Venue and Jury Demand**

20. Jurisdiction is proper in this Court over the federal claims, pursuant to 28 U.S.C. §§1331 and 1343, and 42 U.S.C. §1983, to remedy violations committed by Defendants of Plaintiff's rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

21. Venue properly lies in this Court pursuant to 28 U.S.C. §1391(b)(2), in that the events giving rise to the claims occurred within the Eastern District of Missouri, in Jefferson County, Missouri.

22. Plaintiff demands that this cause be tried to a jury.

**Common Factual Allegations**

23. At all relevant times, Missouri law, RSMo. §548.141, provided that a person can be arrested and detained "without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year…".

24. On December 10, 2020, Plaintiff was driving his vehicle in Jefferson County, Missouri.

25. On December 10, 2020, at approximately 7:20 a.m., Plaintiff was stopped by Jefferson County Sheriff's Deputy HARVEY SMITH for improper vehicle registration – no license plates attached. Defendant SMITH received information that Plaintiff had an outstanding arrest warrant from Franklin County, Missouri for failure to appear on the charge of failure to register a motor vehicle and that Plaintiff had an outstanding arrest warrant from Adams County, Pennsylvania for failure to appear on the charge of DUI and possession of a controlled substance.

26. On December 10, 2020, at 7:37 a.m., an unknown person at the Jefferson County Sheriff's Department requested information whether the "wanted/missing person" notice for Plaintiff was "active and will you extradite."

27. On December 10, 2020, at 7:43 a.m., the Adams County, Pennsylvania Sheriff messaged that the "want (sic) for this subject," Plaintiff, "is valid."

28. On December 10, 2020, at about 7:44 a.m., Defendant Smith placed Plaintiff under arrest, handcuffed Plaintiff, and transported Plaintiff to the Jefferson County Sheriff's Department and jail.

29. On December 10, 2020, at either 8:09 a.m or 9:03 a.m., the Jefferson County Sheriff's Department received a fax from the Adams County, Pennsylvania Sheriff notifying that the warrant on Michael Hess was for a misdemeanor.

30. On December 10, 2020, at 8:35 a.m., the Franklin County Sheriff advised the Jefferson County Sheriff not to extradite Plaintiff on a misdemeanor failure to appear charge "due to Covid."

31. From that point, Defendants had no legal authority, right or cause to continue to jail and detain Plaintiff under Missouri law, RSMo. §548.141.

32. On December 10, 2020, at 8:37 a.m. or 9:15 a.m., Plaintiff was booked and jailed at the Jefferson County jail by officer no. 861, believed to be Defendant Torres but name illegible.

33. On December 10, 2020, at 8:45 a.m., Defendant Cole, officer no. 429, advised Defendant Womack that Plaintiff was brought to jail on the Pennsylvania warrant.

34. On December 11, 2020, Defendant Brown emailed Defendants Teresa Womack, (Sgt.) Anthony "Tony" Dennis, Brenda Short, and (Lt.) John Dolan, all of the Jefferson County Sheriff's Office, and Drew Crews, affiliation unknown, informing them that Michael Hess refused to sign a waiver of extradition to Adams County, Pennsylvania and that she would notify Adams County that "them may want to seek a gov. warrant on him."

35. Later on December 11, 2020, "T. Brown," officer no. 756, messaged the Adams County, Pennsylvania Sheriff that Plaintiff refused to sign a waiver of extradition and was ready for pick up: "you may want to seek a gov. warrant to get him extradited back to your state."

36. On December 16, 2020, Sgt. Tony Dennis emailed Terrie Brown and Teresa Womack that "Lt. Dolan is working on a fugitive warrant" for Michael Hess.

37. On December 18, 2020, at 9:54 a.m. and at 13:47, T. Brown of the Jefferson County Sheriff sent messages to the Adams County, Pennsylvania Sheriff's Office stating "we need to know what type of warrant this is" and "we are needing to find out if

this warrant is a felony or a misdemeanor and also if you are going to seek a gov

warrant to this subject," even though Jefferson County Sheriff had a fax from Adams

County dated December 10 stating the offense in Pennsylvania was a misdemeanor.

38. On December 18, 2020, at 13:57, the Adams County, Pennsylvania Sheriff's

Office notified the Jefferson County Sheriff through the message route system that the

warrant on Plaintiff was still active and that "we will extradite from Jefferson Co."

39. On December 22, 2020, at 10:36 a.m., Terrie Brown of the Jefferson County

Sheriff's Office emailed Adams County, Pennsylvania stating "the fax that we got shows

three charges for DUI control substance (sic) which shows they are misdemeanors."

40. On December 22, 2020, at 10:45 a.m., an Assistant Prosecutor for Jefferson

County notified Lt. John Dolan that since Pennsylvania "has only charged Mr. Hess with

a misdemeanor, extradition law does not permit us to hold Mr. Hess … Therefore, you

may release Mr. Hess …".

41. On December 22, 2020, at 11:07 a.m., Plaintiff was released from the

Jefferson County Jail.

**Count 1: Due Process – Fourteenth Amendment**

42. Plaintiff incorporates the allegations contained in Paragraphs 1 through 41 by

reference as though fully set forth herein.

42. The extended detention of Plaintiff by Defendants HARVEY SMITH, TERRIE

BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN,

GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY

TORRES #861, and/or  DOES 1-10, for 12 days after Defendants learned the

Pennsylvania warrant was for misdemeanor charges violated Plaintiff's liberty interest

from unlawful state deprivation under the Due Process Clause of the Fourteenth Amendment.

43. Defendants received written notice less than two hours after Plaintiff was arrested that the Franklin County Sheriff would not pick up Plaintiff on the bench warrant and that the Pennsylvania warrant was for a misdemeanor.

44. Defendants, as jailers and/or law enforcement officers, are charged with knowledge of Missouri's extradition statute which did not permit holding a person with a misdemeanor warrant in a different state.

45. Defendants detained Plaintiff after he was entitled to release under Missouri law.

46. Even after receiving written confirmation that Plaintiff had only a misdemeanor warrant in Pennsylvania, one of more Defendants continued to hold Plaintiff against his will at the jail and communicated to the Adams County Sheriff an alternative method (governor's warrant) to obtain extradition of Plaintiff.

47. Defendants were deliberately indifferent to Plaintiff's constitutional rights under the Fourteenth Amendment.

48. Under the totality of circumstances, Defendants' conduct shocks the conscience.

49. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff was deprived of his freedom for more than 12 days, lost gainful employment, and suffered emotional distress and has taken medication.

WHEREFORE, Plaintiff prays for judgment against Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN

DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or DOES 1-10, and each of them, for compensatory damages in a fair and reasonable amount, for attorneys' fees, for case expenses, for costs according to federal law, and for such further relief as is just.

**Count 2: Failure to Supervise**

50. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 49 by reference as though fully set forth herein.

51. Defendants MARSHAK and/or DOES 11-20 are liable for the unconstitutional actions of Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or DOES 1-10 due to the failure of Defendants MARSHAK and/or DOES 11-20 to supervise Defendants Scallion, England, and Griffin so as not to deprive inmates and detainees of their constitutional rights.

52. As a result of the failure of Defendants MARSHAK and/or DOES 11-20 to properly supervise their employees, Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or DOES 1-10, failed to release Plaintiff from custody on December 10, 2020 when they learned the Adams County warrant was for a misdemeanor.

53. Defendants MARSHAK and/or DOES 11-20 failure to provide adequate supervision to their employees on the operation of Missouri law, RSMo. §548.141,

represents a deliberate indifference to the rights of persons with whom Defendants Scallion, England, and Griffin come into contact.

54. If Defendants MARSHAK and/or DOES 11-20 had provided adequate and proper supervision to Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or  DOES 1-10, one or more of those Defendants would have released Plaintiff from custody on December 10, 2020 when they learned the Adams County warrant was for a misdemeanor and Plaintiff's constitutional rights would not have been violated.

55. As a direct and proximate result of the constitutional violations by Defendants MARSHAK and/or DOES 11-20, and each of them, described above, Plaintiff was deprived of his freedom for more than 12 days, lost gainful employment, and suffered emotional distress and has taken medication.

WHEREFORE, Plaintiffs prays for judgment against Defendants JEFFERSON COUNTY, MARSHAK and/or DOES 11-20, for compensatory damages in a fair and reasonable amount, for attorneys' fees, for case expenses, for costs according to federal law, and for such further relief as is just.

### Count 3: Failure to Train

56. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 55 by reference as though fully set forth herein.

57. Defendants DAVE MARSHAK and/or DOES 21-30 are liable for the unconstitutional actions of Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE,

TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or  DOES 1-10, due to the failure of Defendants DAVE MARSHAK and/or DOES 21-30 to train Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or DOES 1-10, so as not to deprive detainees of their constitutional rights.

58. As a result of the failure of Defendants MARSHAK and/or DOES 21-30 to properly train their employees, Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or  DOES 1-10, failed to release Plaintiff from custody on December 10, 2020 when they learned the Adams County warrant was for a misdemeanor.

59. Defendants MARSHAK and/or DOES 21-30 failure to provide adequate training to their employees on the on the operation of Missouri law, RSMo. §548.141, represents a deliberate indifference to the rights of persons with whom Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK, ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or  DOES 1-10, come into contact.

60. Defendants MARSHAK and/or DOES 21-30 knew that correctional staff would be called upon to determine whether an out of state warrant would justify holding a person against his liberty.

61. If Defendants MARSHAK and/or DOES 21-30 had provided adequate and proper training to Defendants HARVEY SMITH, TERRIE BROWN, TERESA WOMACK,

ANTONY DENNIS, BRENDA SHORT, JOHN DOLAN, GEORGE COLE, TIMOTHY DAVIS, TRISHA STEFANSKI, STEVE JERREL, DEPUTY TORRES #861, and/or DOES 1-10, one or more of those Defendants would have released Plaintiff from custody on December 10, 2020 when they learned the Adams County warrant was for a misdemeanor and Plaintiff's constitutional rights would not have been violated.

62. As a direct and proximate result of the constitutional violations by Defendants MARSHAK and/or DOES 21-30, and each of them, described above, Plaintiff was deprived of his freedom for more than 12 days, lost gainful employment, and suffered emotional distress and has taken medication.

WHEREFORE, Plaintiffs prays for judgment against Defendants JEFFERSON COUNTY, MARSHAK and/or DOES 21-30, for compensatory damages in a fair and reasonable amount, for attorneys' fees, for case expenses, for costs according to federal law, and for such further relief as is just.

Respectfully submitted,

LAW OFFICE OF JAMES E. PARROT

**s/ James E. Parrot**
By: _____
James E. Parrot, #38056MO
2001 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 621-4100: office
(314) 644-4303: fax
parrotlaw@sbcglobal.net: email
Attorney for Plaintiff